UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

HANIF YAZID, )
 )
   Plaintiff, ) Civil No. 2:20-097-WOB
 )
v. )
 )
MIKE WEBSTER, ET AL., ) **MEMORANDUM OPINION**
 ) **AND ORDER**
   Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

Hanif Yazid is an inmate who was previously confined at the Grant County Detention Center (GCDC) in Williamstown, Kentucky. Proceeding without a lawyer, Yazid filed a civil rights complaint in which he alleged, among other things, that he was assaulted by another inmate and that some of the named defendants failed to protect him from that attack. [*See* R. 1]. The Court then conducted an initial screening of Yazid's complaint pursuant to 28 U.S.C. § 1915A and dismissed a number of his claims. [*See* R. 15]. That said, the Court allowed Yazid to go forward on his failure-to-protect claims against Jailer Mike Webster and Chief Deputy Jackie Bodenhammer in their individual capacities, and it served those defendants with a summons and copy of the complaint on Yazid's behalf. [*See id.*].

These defendants then responded to Yazid's complaint by filing a motion to dismiss. [*See* R. 27]. The defendants argue that Yazid failed to fully exhaust his administrative remedies, as required by the Prison Litigation Reform Act, and failed to state a claim against either defendant upon which relief may be granted. [*See id.*]. Yazid then filed a response in opposition to the defendants' motion [*see* R. 30], and the defendants filed a reply brief [*see* R. 35]. Therefore, the defendants' motion is now ripe for a decision from this Court.

The Court will deny the defendants' dispositive motion at this early stage in the litigation. As an initial matter, the defendants' argument regarding exhaustion is unavailing. To be sure, the defendants claim that there is a multi-tiered administrative grievance process at the GCDC: first, the inmate must orally grieve the matter; second, the inmate must submit a written grievance form; third, the inmate must appeal the matter to an appellate board; and fourth, the inmate must appeal the matter to the Jailer. [*See* R. 27 at 6]. The defendants then argue that Yazid failed to allege that he exhausted those remedies because he "does not allege that he made an oral grievance" and "concedes that he did not file a written grievance." [*Id.* at 7]. Failure-to-exhaust, however, is an affirmative defense that the defendants must plead and prove by a preponderance of the evidence, *see Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015), and the defendants have not met that burden, at least at this time. After all, the defendants did not offer any evidence specific to Yazid's situation in support of their motion. *See Kramer v. Wilkinson*, 226 F. App'x 461, 462 (6th Cir. 2007) (explaining that failure-to-exhaust "may serve as a basis for dismissal only if raised *and proven* by the defendants") (emphasis added).

Moreover, despite the defendants' arguments, Yazid does allege that, shortly after he was attacked, he "told staff" that he "wanted to file outside charges" regarding the matter in question and also specifically "asked for [a] grievance form" and "wasn't given one." [R. 1 at 5]. Yazid also later alleges, "[W]hen I'm uncuffed to write my statement they stand up and place hand on their guns thats when I realize something not right." [*Id.*]. Yazid then attaches a number of documents to his complaint, including several of his own handwritten statements. [*See* R. 1-1]. Although Yazid's allegations and attachments are not entirely clear, they raise questions about who he told about the events in question, how he told them, and when he did. They also raise a number of questions about whether prison officials impeded Yazid's ability to exhaust his claims

or otherwise made the grievance process practically unavailable to him. Given these outstanding questions, the defendants' exhaustion-related argument is, at best, premature.

The defendants' argument that Yazid failed to state a claim upon which relief may be granted is also unavailing. In order to state a failure-to-protect civil rights claim, an inmate must allege that a prison official was aware of a substantial risk that the plaintiff would suffer serious harm and knowingly disregarded that risk. *See Johnson v. Slone*, No. 7:16-cv-274-KKC, 2018 WL 1402376, at *3 (E.D. Ky. 2018). Here, Yazid's allegations, broadly construed, could state a claim against the named defendants.

While Yazid's allegations are somewhat vague and confusing at times, he does repeatedly allege that his fellow inmate had a violent history and had attacked multiple individuals in the past, including "a trustee and deputy" at another facility. [R. 1 at 4]. Yazid further alleges that a number of "offender alerts" had previously been issued regarding this inmate, and he attaches documentary evidence from the prison to support his allegations. [*See id.*; R. 1-1 at 8-11]. Yazid also alleges that Jailer Webster and Chief Deputy Bodenhammer specifically "had evidence" and, thus, "reasonably should have known" that he would be harmed. [R. 1 at 4]. Yazid then alleges that Jailer Webster and Chief Deputy Bodenhammer nevertheless "did not act to prevent" the attack. [*Id.*]. To be sure, Yazid does not always clearly link his allegations to the named defendants or specifically allege precisely what each named defendant knew and when they knew it. Still, Yazid's allegations, broadly construed, could state failure-to-protect claims against the defendants. *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that *pro se* submissions ought to be construed liberally and that a *pro se* complaint is held to less stringent standards than formal pleadings drafted by attorneys). Thus, the Court will deny the defendants' dispositive motion at this early stage in the litigation and, instead, will allow Yazid to proceed on his claims.

Ordinarily, at this point in a civil case, the parties would exchange initial disclosures and confer on a proposed discovery plan. However, an action brought by a *pro se* prisoner is exempt from these requirements. *See* Fed. R. Civ. P. 16(b), 26(a)(1)(B)(iv), 26(f)(1); LR 16.1(c). Therefore, the Court will refer this matter to a United States Magistrate Judge to oversee discovery and all matters of pretrial management, including preparing proposed findings of fact and recommendations on any future dispositive motions.

Accordingly, it is **ORDERED** that:

1. The defendants' motion to dismiss [R. 27] is **DENIED** at this time.

2. Thus, Yazid may proceed on his failure-to-protect claims against Jailer Webster and Chief Deputy Bodenhammer in their individual capacities.

3. Pursuant to 28 U.S.C. § 636(b), this matter is referred to a United States Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

4. The Clerk's Office is directed to assign this matter to a United States Magistrate Judge pursuant to standing orders of this Court.

This 29th day of March, 2021.



Signed By:
*William O. Bertelsman* WOB
United States District Judge