UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 2:20-CV-00097-WOB-EBA

HANIF YAZID, PLAINTIFF,

V. **REPORT AND RECOMMENDATION**

MIKE WEBSTER, *et al.*, DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on *pro se* Plaintiff's Hanif Yazid's complaint filed May 26, 2020 in the Western District of Kentucky. [R. 1]. This case involves a civil rights suit brought by Yazid, who was previously confined at the Grant County Detention Center in Williamstown. Kentucky, alleging, among other things, that defendants Jailer Mike Webster and Chief Deputy Jackie Bodenhammer violated his rights by failing to protect Plaintiff from an attack by another inmate. *See generally* [R. 1 at pg. 4]. Judge Claria Horn Boom transferred to this Court on July 9, 2020. [R. 4].

After performing an initial screening, the Court dismissed several of Plaintiff's claims, including claims against the Kentucky State Police Department (KSPD), two unnamed KSPD officers, and the official-capacity claims against Defendants Webster and Bodenhammer. *See* [R. 15]. Defendants moved to dismiss Plaintiff's remaining claims, [R. 27], and the Court denied the motion. [R. 36]. The Court then ordered parties to proceed with discovery. *See* [R. 38]. Defendants served a First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions on Plaintiff on May 7, 2021. *See* [R. 43]. Plaintiff did not reply to these

discovery requests and Defendants moved to compel discovery. [R. 45]. The Court granted the motion and ordered Plaintiff to fully and completely respond to Defendants' discovery requests. [R. 46]. Plaintiff failed to comply with the order [R. 46] and Defendants moved for sanctions based on Fed. R. Civ. P. 37(b)(2). [R. 47]. The Court subsequently ordered Plaintiff to show cause no later than August 9, 2021 as to why he has failed to comply with the Court's order. [R. 48]. Upon failing to show cause and failing respond to Defendants' discovery requests, Defendants filed a Second Motion for Sanctions August 17, 2021, renewing the arguments made in their previous motion. [R. 49].

Under the Federal Rules of Civil Procedure, when a party fails to disclose or comply with a discovery request, the party may move the court to issue an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). The noncompliant party may avoid sanctions if he or she provides "a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Howe v. City of Akron*, 801 F.3d 718, 747s (6th Cir. 2015) (quoting *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010). If the noncompliant party does not provide a reasonable explanation, Fed. R. Civ. P. 37(b) "specifically authorizes the imposition of sanctions for failure to comply" with the Court's orders. *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019). For instance, when a party who "fails to obey an order to provide or permit discovery," the Court may "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)("[A] district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit.").

Here, Plaintiff has twice failed to comply with orders issued by the Court. On June 17, 2021, the Court ordered Plaintiff "to fully and completely respond to Defendants' Interrogatories

and Request for Production Documents" by June 30, 2021. [R. 46]. Following Defendants' initial Motion for Sanctions [R. 47], the Court ordered Plaintiff to show cause no later than August 9, 2021 as to why he has failed to comply with the Court's previous order [R. 46]. The Court further cautioned that "[f]ailure to do so may result in this Court recommending the case be dismissed with prejudice and/or the Plaintiff being required to pay the attorney's fees caused by his failure to comply." [*Id.*]. Defendants' Second Motion for Sanctions and a review of the record indicates Plaintiff has failed to comply with either order. Under these circumstances and Fed. R. Civ. P. 37(b), dismissal and payment of attorney's fees caused by Plaintiff's failure to comply are appropriate.

**RECOMMENDATION**

Therefore, the undersigned RECOMMENDS that,

1. Defendants' First Motion for Sanctions [R. 47] should be GRANTED;

2. Defendants' Second Motion for Sanctions [R. 49] should be GRANTED; and

3. Plaintiff's lawsuit should be DISMISSED pursuant Fed. R. Civ. P. 37(b)(2)(A)(v) and that Plaintiff should be required to pay Defendants' attorney's fees caused by his failure to comply.

Signed August 19, 2021.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge